**Paul E. BYBEE, Appellant,**

v.

**Charles E. SINGER, t/d/b/a Shell Service Station, Appellee.**

Court of Appeals of Kentucky.

June 10, 1966.

Hugo Taustine, Edward M. Post, Jerome D. Berman, Taustine, Post & Berman, Louisville, for appellant.

Louis M. Nicoulin, Louisville, for appellee.

JAMES B. STEPHENSON, Special Commissioner.

On June 20, 1963, the appellant took an automobile to the appellee's service station. Work was done on the automobile and as appellant was leaving he backed into a metal oil rack which was damaged along with some cans of oil. The appellee did not witness the accident. However, after the accident the appellant and appellee had a telephone conversation, during the course of which appellee demanded payment of $118.00 for the damages. Appellant proposed that the amount of damages be paid in installments. This proposal was rejected by appellee.

On July 11, 1963, appellee consulted an assistant county attorney for Jefferson County about obtaining a warrant against appellant and was advised that the facts presented constituted cause for a civil action but not one for which a warrant should be procured. On the same day a warrant was issued for appellant's arrest based upon the complaint made on oath by appellee before a deputy court clerk charging appellant with willful destruction of property pursuant to KRS 432.240. On September 10, 1963, appellant was arrested on the warrant and was taken to the county police holdover in the courthouse, where he was detained behind bars. Later that day he was released on bail. The case eventually was dismissed.

Subsequently appellant filed this suit in the Jefferson Circuit Court alleging malicious prosecution. The trial court held, after hearing appellant's evidence before a jury, that the appellant was guilty of violation of KRS 433.240 upon the facts submitted, and sustained appellee's motion for a directed verdict.

KRS 433.240 provides: "Any person who, unlawfully but without felonious intent, takes, carries away, defaces or damages any property or thing of value not his own shall be fined not less than ten dollars nor more than two thousand dollars." The facts set out above constitute at most simple negligence on the part of appellant. If simple negligence constitutes a violation of KRS 433.240, it would preclude recovery against the appellee for malicious prosecution. However, we believe that the trial court was in error in so construing the statute. We construe the words "unlawfully but without felonious intent" to apply to acts that are willful or wanton and reckless in their nature and not unintentional acts which proceed from a purpose that is not wrongful or from an evil heart. It is not reasonable to infer from this law that the legislature intended to punish by criminal action acts unintentional and accidental in their nature.

The judgment is reversed, with directions to grant plaintiff a new trial.